```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMATU HAYES,                               )    COMPLAINT
                                            )
                Plaintiff,                  )    06 CV 13582
                                            )
                                            )    JURY TRIAL DEMANDED
     -against-                              )
                                            )    ECF Case
THE CITY OF NEW YORK, and JOHN and          )
JANE DOES, and JOHN and JANE ROES           )
                                            )
                Defendants.                 )
------------------------------------------------------------X
```

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and by the United States Constitution, including its Fourth and Fourteenth Amendments. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

## JURY TRIAL DEMANDED

3. Plaintiff demands a trial by jury on each and every one of her claims as pleaded herein.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

5. Plaintiff RAMATU HAYES is a resident of Brooklyn, New York.

6. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

7. Defendants DOES and ROES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

**STATEMENT OF RELEVANT FACTS**

8. On July 9, 2005, at approximately 6:30 a.m., plaintiff RAMATU HAYES was asleep in her apartment, number 7H, at 2839 W. 33rd Street, Brooklyn, New York.

9. There was a loud banging on the door of the apartment, and when plaintiff came out of her bedroom, defendants DOES and ROES were in her apartment. Plaintiff was naked except for a short robe, which was not closed about her body. Plaintiff was handcuffed and placed on a couch, with private areas of her body exposed to view of defendants DOES and ROES.

10. Defendants DOES and ROES searched plaintiff's apartment, causing damage to fixtures, furniture, and other property.

**FIRST CLAIM**

**DEPRIVATION OF RIGHTS UNDER THE
UNITED STATES CONSTITUTION AND 42 U.S.C. §1983**

11. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

12. By their conduct and actions in falsely imprisoning, assaulting, exposing, trespassing, damaging property, and failing to intercede on behalf of plaintiff to protect plaintiff from the unjustified and unconstitutional treatment she received, defendants DOES and ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and

Fourteenth Amendments.

13. As a result of the foregoing, plaintiff was deprived of her liberty, suffered pain and suffering, emotional distress, great humiliation, property damage, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### SUPERVISORY LIABILITY FOR CONSTITUTIONAL VIOLATIONS

14. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

15. By their conduct in failing to remedy the wrongs committed by defendants DOES and in failing to properly train, supervise, or discipline said defendants, defendants JOHN and JANE ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

16. As a result of the foregoing, plaintiff was deprived of her liberty, suffered pain and suffering, emotional distress, great humiliation, property damage, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

17. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

18. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of

the unconstitutional conduct alleged herein.

19.  At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants DOES and ROES.  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

20.  As a result of the foregoing, plaintiff was deprived of her liberty, suffered pain and suffering, emotional distress, great humiliation, property damage, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

  a. Compensatory damages;

  b. Punitive damages;

  c. The convening and empaneling of a jury to consider the merits of the claims herein;

  d. Pre- and post-judgment costs, interest and attorney's fees;

  e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
          November 6, 2006

           _____/s/_____
MICHAEL L. SPIEGEL, Esq.
(MS-0856)
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-8558
*Attorney for Plaintiff*