UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

RAMATU HAYES,

                                    Plaintiff,

            -against-

THE CITY OF NEW YORK, and CAPT. DUSENAKO,
LT. LAWRENCE HAMMOND, DETECTIVE ROBERT
JOHNSON, DET. DOUGLAS GORMAN, DET.
BATTAGLIA, DET. CAMMARADA, DET. JAMES
MEEHAN, P.O. JAMA JOSEPH,

                                    Defendants.

---------------------------------------------------------------------- x

**ANSWER TO FIRST
AMENDED COMPLAINT ON
BEHALF OF THE CITY OF
NEW YORK, DET. ROBERT
JOHNSON, DET. DOUGLAS
GORMAN, DET. JAMES
MEEHAN, DET. FRANK
BATTAGLIA, AND P.O.
JAMA JOSEPH**

06 CV 13582 (DAB)

JURY TRIAL DEMANDED

                Defendants City of New York, Johnson, Gorman, Meehan, Battaglia and Joseph,[1]

by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their

answer to the complaint, respectfully allege, upon information and belief, as follows:

                1.    Deny the allegations set forth in paragraph "1" of the complaint, except

admit that plaintiff purports to proceed as stated therein.

                2.    Deny the allegations set forth in paragraph "2" of the complaint, except

admit that plaintiff purports to bring this action and invoke the jurisdiction of this Court as

stated therein.

                3.    Deny the allegations set forth in paragraph "3" of the complaint, except

admit that plaintiff purports to demand a trial by jury as stated therein.

---

[1] Upon information and belief, and a review of the docket sheet, the individuals identified in the caption as Captain Dusenako, Lieutenant Lawrence Hammond, and Detective Cammarada have not been served with process to date.

4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6.  Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York is a municipal corporation organized pursuant to the laws of the State of New York and that it maintains a police department.

7.  Deny the allegations set forth in paragraph "7" of the complaint, except admit that Dusenako, Hammond, Johnson, Gorman, Battaglia, Cammarada, Meehan and Joseph are employed by the City of New York in the New York City Police Department and state that the allegation concerning whether they were acting "under color of law" constitutes a legal conclusion to which no response is required.

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.  Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that a search was conducted.

11. In response to the allegations set forth in paragraph "11" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "10" of this answer as if fully set forth herein.

12. Deny the allegations set forth in paragraph "12" of the complaint.  See Exhibit A, annexed hereto.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. In response to the allegations set forth in paragraph "14" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "13" of this answer as if fully set forth herein.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. In response to the allegations set forth in paragraph "17" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "16" of this answer as if fully set forth herein.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

21. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

22. Defendants have not violated any rights, privileges or immunities secured to plaintiff by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

23. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

24. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

25. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

26. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

27. The actions of any police officers involved were justified by probable cause.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

28. The individually named defendants Johnson, Gorman, Battaglia, Meehan and Joseph have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

29. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

30. To the extent plaintiff asserts state law claims against defendants, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

31. Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
July 2, 2007

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendants City of New York,
Johnson, Gorman, Battaglia, Meehan and Joseph
100 Church Street
New York, New York 10007
(212) 788-0963

By:                                      
Prathyusha Reddy (PR 5579)
Assistant Corporation Counsel
Special Federal Litigation Division

TO:     Michael L. Spiegel, Esq. (By ECF)
Attorney for Plaintiff
111 Broadway, Suite 1305
New York, NY 10006

# EXHIBIT A

CRIMINAL COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN THE MATTER

OF

AN APPLICATION FOR A WARRANT
AUTHORIZING A SEARCH OF APARTMENT 7H, ON
THE SEVENTH FLOOR, IN PREMISES 2839 WEST
33RD STREET, KINGS COUNTY, NEW YORK.

**0 4 7 5 - 2005,**

SEARCH WARRANT NO:_____
SPECIAL NARCOTICS COURT

AFFIDAVIT IN SUPPORT OF
SEARCH WARRANT

Detective Robert Johnson, Shield 2586, being duly sworn, deposes and says:

1.      I am a Detective in the NYPD, assigned to the Narcotics Borough Brooklyn

South.

2.      This affidavit is submitted in support of an application for a warrant to search

apartment 7H, on the seventh floor, in premises 2839 West 33rd Street, Kings County, New

York and the person(s) of J.D. Heavy, if present therein ("the target premises"), where there is

reasonable cause to believe that evidence of the sale and possession of cocaine, and conspiracy to

commit those crimes, will be found, including but not limited to:

      a.  cocaine, vials, caps, glassine envelopes, small ziplock-style bags, and
other evidence of the possession and distribution of cocaine, including but
not limited to paraphernalia used to process and distribute drugs, including
but not limited to dilutants and scales, counter-surveillance equipment,
and records and documents reflecting drug transactions;

      b.  currency and other evidence of proceeds from drug trafficking, including
but not limited to financial records in any format, tending to demonstrate
cash transactions or financial transfers derived from the possession of cash
currency, money orders, bank receipts, stocks, bonds, bills and receipts for
goods and services, documents relating to real estate holdings, and any
title or registration to motor vehicles;

      c.  evidence of ownership and use of the target premises, or the use of
property located therein by any person, including but not limited to keys,

telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises, identification bearing the name or photograph of any person, telephone books, address books, date books, calendars, personal papers, and videotapes and photographs of persons.

3.    As set forth below, there is reasonable cause to believe that the above described property is located within the target premises; moreover as set forth below, there is reasonable cause to believe that this property constitutes evidence or tends to demonstrate that an offense was committed, or that a particular person participated in the commission of said offense.

4.    The Narcotics Division has received 1 civilian complaint that controlled substances are being possessed at the target premises. This communication is recorded under complaint number 5009995, dated 6/21/2005, which states that via 911: Male caller states drugs are being sold at 2839 West 33rd Street, apartment 7H, on the 7th floor.

5.    I have spoken to a confidential informant who is registered with the NYPD under CI Number 22158 and he/she has a proven history of reliability based on his/her having provided reliable information on more than four occasions. For example, in April 2005, information provided by CI Number 22158 led to a search warrant that resulted in the seizure of marihuana, and the arrest of 2 individual(s); in April 2005, information provided by CI Number 22158 led to a search warrant that resulted in the seizure of paraphernalia, and the arrest of 1 individual(s); in April 2005, information provided by CI Number 22158 led to a search warrant that resulted in the seizure of controlled substances, confirmed to be cocaine, and the arrest of 3 individual(s); and in March 2005, information provided by CI Number 22158 led to a search warrant that resulted in the seizure of controlled substances, confirmed to be cocaine, marihuana, and the arrest of 4 individual(s).

NYC                83

6.    My informant is a former user cocaine and associate of narcotics traffickers and has had experience in the illegal narcotics trade. My informant recognizes the paraphernalia commonly used in the cutting and packaging of cocaine and can recognize cocaine by its appearance.

7.    CI Number 22158 informs me that controlled substances are being sold and possessed in the target premises. The confidential informant's basis of knowledge is as follows:

8.    On ▮▮▮▮▮▮, during the ▮▮▮▮▮ hours, C.I. #22158 made a controlled buy of crack cocaine from apartment 7H, on the seventh floor, in premises 2839 West 33rd Street. On this date C.I. #22158 was searched for contraband by the affiant with negative results and given $10.00 United States. C.I. #22158 was accompanied by the affiant and other members of the New York City Police Department to the vicinity of 2839 West 33rd Street and observed entering the target building. Shortly thereafter C.UI. #22158 exited the target building and returned to the designated meet location. Once thereat C.I. #22158 handed the affiant one (1) zip lock bag containing a white rock like substance and was again searched by the affiant with negative results. C.I. #22158 then recounted the following to the affiant: C.I. #22158 entered the target location and knocked on the door of apartment 7H which was answered by J.D. Heavy (described as male black, approximately 30 years of age, with a heavy built) who C.I. #22158 engaged in a brief narcotics related conversation. Following the conversation C.I. #22158 handed the affiant $10.00 United States currency. C.I. #22158 then observed J.D. Heavy close the door of apartment 7H and reopen it shortly thereafter handing C.I. #22158 one (1) zip lock bag containing a white rock like substance.

a.    Based on his/her experience in the narcotics trade, the informant believes the white rock like substance purchased on the above occasion was crack cocaine.

3

Furthermore, said purchase was field tested with positive results for crack cocaine.

9.    In view of the fact that the property sought to be seized can be easily and quickly disposed of or destroyed, and because giving notice may endanger the lives and safety of the executing officers and others, it is further requested that the officer executing the warrant be permitted to enter without prior notice of authority or purpose.  The reasons for my belief are as follows: the targets of the search warrant are reasonably likely to be present at the time of the execution of the search warrant; deponent's experience with or knowledge of the destruction of drugs during narcotics-related arrests and the execution of narcotics warrants, to wit: as a narcotics investigator, I have been present at numerous search warrant target apartments in which narcotics traffickers have attempted to dispose of their contraband by throwing it out of a window, flushing it down a toilet, or washing it down the sink while the police attempted to gain entry into the apartment; the location is being used for drug distribution on an ongoing basis and it is therefore reasonably likely that the targets have taken precautions to destroy the illegal drugs.

WHEREFORE, I respectfully request that the Court issue a warrant and order of seizure in the form annexed, authorizing a search of apartment 7H, on the seventh floor, in premises 2839 West 33rd Street, Kings County, New York and the person(s) of J.D. Heavy, if present therein, for the above described property, and directing that if such property or evidence or any part thereof be found that it be seized and brought before the Court.  It is also requested that the officers executing the warrant be permitted to enter the above premises without giving prior notice of authority and purpose.  Authorization is also requested that if the court examines the

4

confidential informant, that examination be incorporated as part of this affidavit and sealed pending further order.

No previous application in this matter has been made to any other judge, justice, or magistrate.

**False statements made herein are punishable as a class A misdemeanor pursuant to §210.45 of the Penal Law.**

_Det. Robert Johnson_
OFFICER

APPROVED: _Peter Kaya_
Assistant District Attorney

Target Location: apartment 7H, on the seventh floor, in premises 2839 West 33rd Street, Kings County, New York.

Sworn to before this
30th day of _June 2005_

TIME: _11 40 PM_

_Laura A. Ward_
JUDGE OF THE CRIMINAL COURT
HON. LAURA WARD

5

NYC        86

CRIMINAL COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IN THE NAME OF THE PEOPLE OF THE STATE OF NEW YORK
TO ANY POLICE OFFICER IN THE CITY OF NEW YORK

Proof by affidavit having been made this day before me by Detective Robert Johnson,

Shield 2586, that there is reasonable cause for believing that certain property, to wit:

a. cocaine, vials, caps, glassine envelopes, small ziplock-style bags, and other evidence of the possession and distribution of cocaine, including but not limited to paraphernalia used to process and distribute drugs, including but not limited to dilutants and scales, counter-surveillance equipment, and records and documents reflecting drug transactions;

b. currency and other evidence of proceeds from drug trafficking, including but not limited to financial records in any format, tending to demonstrate cash transactions or financial transfers derived from the possession of cash currency, money orders, bank receipts, stocks, bonds, bills and receipts for goods and services, documents relating to real estate holdings, and any title or registration to motor vehicles;

c. evidence of ownership and use of the target premises, or the use of property located therein by any person, including but not limited to keys, telephone bills, utility bills, bank statements, leases, deeds, or rent receipts related to the target premises or other real property, mail addressed to or from the target premises, identification bearing the name or photograph of any person, telephone books, address books, date books, calendars, personal papers, and videotapes and photographs of persons.

which is evidence of the possession of narcotics and the means of committing a narcotics crime,

may be found in apartment 7H, on the seventh floor, in premises 2839 West 33rd Street, Kings

County, New York and on the person(s) of J.D. Heavy, if present therein, and that there are

grounds for entry without giving notice of authority and purpose.

YOU ARE THEREFORE COMMANDED, between 6:00 a.m. and 9:00 p.m., without

prior notice of authority or purpose, to make a search of apartment 7H, on the seventh floor, in

premises 2839 West 33rd Street, Kings County, New York and of the person(s) of J.D. Heavy, if

present therein, for the above described property, and if you find such property or evidence or any part thereof to bring it before the court without unnecessary delay.

WARRANT MUST BE EXECUTED WITHIN (10) TEN DAYS OF DAY OF ISSUANCE

DATED IN THE CITY OF NEW YORK, this 30th day of _____ June 2005

TIME: _____ 11 40 am _____

Laura Ward

JUDGE OF THE CRIMINAL COURT
HON. LAURA WARD

Target Location: apartment 7H, on the seventh floor, in premises 2839 West 33rd Street, Kings County, New York.

CRIMINAL COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

IN THE MATTER
OF
AN APPLICATION FOR A WARRANT AUTHORIZING THE SEARCH OF APARTMENT
7H, ON THE SEVENTH FLOOR, IN PREMISES 2839 WEST 33RD STREET, KINGS
COUNTY, NEW YORK.

BRIDGET G. BRENNAN
SPECIAL ASSISTANT DISTRICT ATTORNEY
80 Centre Street
New York, New York 10013

SEARCH WARRANT # 0475-2005

CRIMINAL COURT OF THE STATE OF NEW YORK
SPECIAL NARCOTICS PARTS
COUNTY OF NEW YORK

AFFIDAVIT OF INVENTORY OF PROPERTY TAKEN
UNDER SEARCH WARRANT # ___0475 - 2005___

STATE OF NEW YORK       )
                        )     SS.:
COUNTY OF NEW YORK      )

      I, ___Det. Robert Johnson___, the officer by whom the annexed warrant was executed, do swear that the attached Police Department Property Clerk Vouchers contain a true and detailed account of all property taken by me on the warrant.

ARREST NUMBER   (S) :          N/A

VOUCHER NUMBER  (S) :          N/A

_____
OFFICER

Sworn to before me this
19  day of July, 2005

_____
JUSTICE OF THE CRIMINAL COURT

HON. LUPULOFF
AR1 7/19#05
CT REP MILUS

NYC        90



| WARRANT TRACKING SYSTEM - PRE-WARRANT DATA ENTRY FORM (Rev. 07/2003b) | **PRE** THIS FORM MUST BE TYPED | I.D.S. No.: _2005 0 108 000 102_ (Supplied by Intel. Div - C.I.S.) |
|---|---|---|

This form must be completed in detail before a warrant may be executed. Warrant will not be processed with blanks or omissions on form.
**MAKE NOTE OF I.D.S. NUMBER ON RETURN FAX! ENTER I.D.S. NUMBER IN CAPTION ON POST-WARRANT FORM!**

## REQUESTING OFFICER (Affiant)

Rank: **DET**   Last Name: **JOHNSON**   First Name: **ROBERT**

Contact No.: **718-921-4040**   Pager: _____   Cell Phone: _____   Fax: **718-921-4045**

Agency: **NYPD**   Command: **BSNDI**   Command Telephone: **718-921-4040**

Shield: **2586**   Tax Number: ████   Soc. Sec. No. (non-NYPD only): _____

## SUPERVISING OFFICER

Rank: **LT**   Last Name: **HAMMOND**   First Name: **LAWRENCE**

Supervisor's Command: **BSNDI**   Contact No.: **718-921-4040**

## WARRANT INFORMATION

Warrant Type:
- [ ] Arrest Subpoena
- [ ] Federal Seizure Warrant
- [x] Local Search (Select County of Issuance, below)
- [ ] State Seizure Warrant
- [ ] Federal Search Warrant
- [ ] Grand Jury Subpoena
- [ ] State Subpoena

Reason for Warrant:
- [x] C.I. Info/C.I. Buy
- [ ] Investigative Follow-Up
- [ ] Officer Plain View Observation
- [x] Other: **KITE**
- [ ] U/C Buy

Date Applied/Obtained: **06/30/05**   ADA Assigned: **KAYOR**

Issuing Judge: **WARD**

UDECS Number (required): **2005/019744**

Warrant / Docket #: **0475/2005**

County of Issuance:
- [ ] BX
- [ ] Q
- [ ] K
- [ ] R
- [x] NY

Warrant Exceptions:
- [x] No Knock
- [ ] After Hours
- [ ] Other:

## WARRANT LOCATION (SPECIFIC)

Location Type: **MULTIFAMILY DWELLING**

Public Housing?: [x]

Patrol Borough:
- [ ] MN
- [ ] BN
- [ ] QN
- [ ] BX
- [ ] MS
- [x] BS
- [ ] QS
- [ ] SI

Pct.: **060**

Street No.: **2839**   Street Name: **WEST 33rd STREET**   Apt No.: **7H**

City: **BROOKLYN**   State: **NY**   ZIP: **11224**

Cross Streets: **NEPTUNE AVE - MERMAID AVE**   County: **KINGS**

Location Description: **NYCHA BUILDING.**

## WARRANT OBJECTIVE(S)

- [x] Narcotics
- [ ] Other (specify in NOTES)
- [ ] Person
- [ ] Stolen Property (specify in NOTES)
- [ ] Weapons

NOTES (specify other warrant type, reason, exception, other objective, stolen property sought, etc.)

_____

_____

_____

_____

This form must be faxed to (646) 805-6298. Information/requests WILL NOT be accepted by telephone. Attach copy of warrant.

05/28/2006 12:57 FAX  6456006290        SDU-UDECS                          004/004



| WARRANT TRACKING SYSTEM - POST-WARRANT DATA ENTRY FORM PD374-143A (05/05 Intel) | **POST** THIS FORM MUST BE TYPED | I.D.S. No.: 20050708000102 (As supplied by Intel. Div. - C.I.S.) |

This form must be completed in detail WITH IDS NUMBER after a warrant has been executed. Warrant will not be processed with blanks or omissions on form.

**REQUESTING OFFICER** (Affiant - MUST Match From Original Pre-Warrant)
Rank: DET   Name: Robert Johnson   Tax/BSN: [redacted]   Cmd: BSNDI   Fax: 718-921-4040

**WARRANT LOCATION**
(MUST Match From Original Pre-Warrant)   Address: 2839 W 33 street   Apt No.: 7H
City: Brooklyn   State: NY   ZIP: 11224

**EXECUTION INFORMATION**   ☐ Unexecuted
Executing Unit: BSNDI   Date Executed: 07/09/05   Time Executed: 0600

**EXECUTING SUPERVISOR**
Rank: Lt   Last Name: Hammond   First Name: Lawrence   Contact: 718-921-4040

**WARRANT RESULT** (check one):
☐ POSITIVE   No. of Arrests: _____   Entry Unit: _____
☐ NEG. - Bad C.I. Info (C.I. No.: _____ )
☒ NEG. - Evidence Not Found
☐ NEG. - Wrong Door
Special Tactical Device(s) Used?: ☐ (specify in DETAILS)

**ENTRY SUPERVISOR**
Rank: Lt   Last Name: Hammond   First Name: Lawrence   Contact: 718-921-4040

**WARRANT LOCATION**   WRONG DOOR ☐

**EVIDENCE RECOVERED**
Traps Found? ☐   TYPE: _____   LOCATION: _____
☐ Narcotics   ☐ Other Contraband (specify in DETAILS)   ☐ Other Property (specify in DETAILS)   ☐ Weapons
If evidence recovered, describe specific seizure (i.e., 2 vials crack cocaine): _____

**OTHER INTELLIGENCE OR INCIDENT INFORMATION** (specify all positive information in DETAILS):
Animals at Location? ☐                          Subject Resistance   ☐ Flight
Building Plans on File? ☐                        During Entry:        ☐ None
Fortified Door? ☐                                                     ☐ Other
Did Subject Use Counter Intelligence? ☐                              ☐ Physical Attack
Warrant Returned to Court ☐                                          ☐ Physical Resistance
M.O.S. Injured? ☐
Civilians Injured? ☐

**DETAILS:** (special tactical device/distraction device used, percussion grenade, MOS firearms discharged, traps, resistance, etc.)
_____
_____
_____
_____

This form must be faxed to (646) 805-6296. Information/requests WILL NOT be accepted by telephone.

*Det. Johnson*

# Incident File Report

*Pre* Warrant ( **Incident Number:** 2005070B000102 ) ← *I OS #*

**Location**
**Precinct/Jurisdiction(s)** (060,"Has warrant to enter")
**(Precinct/Jurisdiction, "Role"):** *PO. Cutrona (Intel) notified*

| | |
|---|---|
| **Occurrence Begin:** | **Incident Type:** Warrant |
| **Occurrence End:** | **Task Force:** |
| **Discovered Date:** 07/08/2005 | **Reported By:** JOHNSON, ROBERT |
| **Reported Date:** 07/06/2005 | **Classification:** Highly Sensitive |
| **Author Name:** | **Author Facility:** |
| **Information Type:** | **Source of Information:** |
| **Evaluation of Source:** | **Evaluation of Information:** |

**Narrative Summary:**
DECS Number: 2005-019744; Warrant/Docket Number: 0475/2005

**Warrant**

- **Local Search Warrant**

| | |
|---|---|
| **DECS Number:** 2005-019744 | **County Issued:** New York |
| **Warrant Number:** 0475/2005 | **Warrant Date:** 06/30/2005 |
| **Signed By:** WARD | **District Attorney:** KAYOR |
| **Warrant Reasons:** • C.I.<br>Information/Buy<br>• Other<br>( KITE ) | **Warrant Exceptions:** • No Knock |

**REQUESTING OFFICER**

| | |
|---|---|
| **Rank / Name:** Detective ROBERT, JOHNSON | **Contact Number:** (718)921-4040 |
| **Agency:** NYPD | **Command:** NARCOTICS BOROUGH BROOKLYN SOUTH |
| **Identification Number:** ▮▮▮▮ | **Identification Type:** Tax Number |

**SUPERVISING OFFICER**

| | |
|---|---|
| **Rank / Name:** Lieutenant LAWRENCE HAMMOND | **Contact:** (718)921-4040 |

**LOCATION**

| | |
|---|---|
| **Address:** Residence<br>2839 West 33<br>Street<br>Apartment 7H<br>BROOKLYN NY,<br>11224<br>Brooklyn South,<br>060 | **Warrant Objectives:**<br><br>• Narcotics |
| **Cross Street Name:** NEPTUNE AVE-MERMAID AVE | **County:** Kings |

NYC          93

# NARCOTICS DIVISION
## SEARCH WARRANT TRACKING REPORT

**WARRANT STATUS**

XX [ ] EXECUTED   [ ] NOT EXECUTED

Date of Report: 07/10/05

Narcotics Borough: BSNDI          Narcotics Borough Log #          Court S/W # Man. Crim/0475

Precinct Narcotics Module: 060     Or Squad:

Affiant Name: Det Robert Johnson    Affiant Tax Num: ▮▮▮▮    Affiant Phone: 718-921-4040

DECS #:

| | | |
|---|---|---|
| Date Warrant Issued: 06/30/05 | Planned Execution/TAC Date: 07/09/05 | **Warrant Type** NARCS |
| Warrant Generated by: | Tac Meeting Time: 0500 | XX Narcotics |
| X 1  [ ]2  [ ]3  [ ]4  [ ]5  [ ]6 | Date Warrant Executed: 07/09/05 | [ ] Firearms |
| | Time Warrant Executed: 0600 | [ ] Other |
| Related Information (Enter All That Applies) | Tour of Duty: 0445X1300 | **No-Knock ?** |
| 1. Confidential Informant # 260 | | [X] Yes  [ ] No |
| Controlled Buy # | Kite Inv. Pct 61# | **Night Endr. ?** |
| 2. Buy Operation # | **Information Accurate ?** | |
| 3. Emergency | *Explain in Details | [ ] Yes  [ ] No |
| 4. U/C Buy  5. U/C Observation | [ ] Yes  [ ] No | |
| 6. Other | | |

**Location**   Precinct: 060

Address of Warrant: 2839 W 33 st          Apt./Spec Loc: 7H

**Premise Type**

X HOUSING  [ ] HPD    [ ] RESIDENCE Non Housing Authority    [ ] COMMERCIAL PREMISE    Specify type of store:

IS THE PREMISE A NUISANCE ABATEMENT LOCATION?          Previous Search Warrant at Location ?

X NO   [ ] YES   IF YES # OF INCIDENTS:          [ ] Yes   [X] No

**Arrest Information**                          Voided Arrests:

Total Arrested: 0          # ID'd as Gang Members:          UF 250s Prepared:

**Property and Quantity Seized (Enter Approximate Weight in Grains)**

| | | |
|---|---|---|
| Cocaine: | Heroin: | Other Drugs: |
| Crack: | Marijuana: | |
| Currency: | Paraphernalia: | |
| # of Firearm(s) : | Other Evidence: | |

**Warrant Results**   [ ] Positive   XX Negative   [ ] Returned Unexecuted *explain in Details

**MOS Information**          Name          Tax Number          Phone

Captain Conferred with:   Dusenako

Ranking Officer on the scene:   Lt. Hammond

Module Supervisor:   Lt Hammond

Officer Exececuting Warrant:   Det Robert Johnson

| Notifications | Member Notified | Date | Time | On Scene | ESU on-Scene |
|---|---|---|---|---|---|
| Occb Inspections Unit: | | | | | [ ] Yes - Entry |
| FOD: | | | | | [ ] Yes - No Entry |
| K-9: | | | | | [ ] No |
| Narc Group Concerned*: | | | | | |
| *If executed outside assigned area | | | | | |
| Other: | | | | | |

**Additional Details: (Unusual occurrences require a separate UF-49)**

Prepared By:          Date:          Phone:

ORIGINAL TO FILE (NARCOTICS BOROUGH), Copy to Narcotics Division, Inspections Unit, Precinct C.O.

*Data Entry*

Pre-Warrant by:_____ Date:____ Time:____   PostWarrant by:_____ Date:____ Time:____

rev.date 06190)

NYC          94

| SEARCH WARRANT PLAN PRE-EXECUTION PD 374-150 (5-02)   PAGE 1 | Date SW Obtained 06/30/05 | B.O./Case No. 3130 | Div. Serial No. 1796 | Command BSNDI   093 | Command Serial No. |
|---|---|---|---|---|---|
| SW Obtained By DET ROBERT JOHNSON | From Court (County) NEW YORK | Court Warrant No. 0475/2005 | ☒ No-Knock ☐ Night Service | Tactical Plan Ranking Officer in Charge DET ROBERT JOHNSON | |

| PERSONNEL | SPECIFIC ASSIGNMENT | SUPERVISED BY | EQUIPMENT | SHOTGUN |
|---|---|---|---|---|
| Capt Dusenako | Overall Super. | | | YES ☐ NO ☒ |
| Lt. Hammond | Entry Supervisor | | | AUTO NO. 6262 |
| Det. Gorman | bunker | Lt. Hammond | bunker | YES ☐ NO ☒ |
| Det. Johnson | bunker sucirity | " | Heavy vest | AUTO NO. 1599 |
| Det. Battaglia | Ram | " | Ram | YES ☐ NO ☒ |
| DET. Cammarada | Hydrokick ram | " | Hydrolick ram | AUTO NO. 1065 |
| Det. Meehan | Cuff & Toss | E | hand cuffs | YES ☐ NO ☒ |
| PO    Joseph | Cuff & Toss | " | Hand cuffs | AUTO NO. 1599 |
| PO   Dunphy | Animal control | " | Fire egstinguisher | YES ☐ NO ☒ |
| DET Davison | Hall security | " | | AUTO NO. 6262 |
| PSA-#1 | Hospital Auto | " | | YES ☐ NO ☒ |
| PSA-#1 | Outside security | " | | AUTO NO. RMP |
| UC# 3215 | observ. windows | " | | YES ☐ NO ☒ |
| UC# 11392 | observ  windows | " | | AUTO NO. |
| UC# 10186 | observ. windows | " | | YES ☐ NO ☒ |
| DET Bono | recorder | | | AUTO NO. |
| | | | | YES ☐ NO ☐ |
| | | | | AUTO NO. |
| | | | | YES ☐ NO ☐ |
| | | | | AUTO NO. |

| Shotgun Authorization By | Radio Disp. NTFD ☐ YES ☐ NO | Officer Assigned "Area" Portable Radio | Reconnaissance of Area Performed By Dte Robert Johnson |
|---|---|---|---|

Potential Hazards — Problems

possible weapons and destruction of evidence.

| Exact Address of Building 2839 West 33 streett  Brooklyn NY apt# 7H | Floor 7 | Apt. No. ym  7H |
|---|---|---|

| LOCATION | Distinctive Markings - Location of Address Number Building is marked 2839 W 33 street xxx xxxxxxxxx | | | | |
|---|---|---|---|---|---|
| | Exterior Door Construction - Distinctive Markings Target door is grey in color & metal | Alarm ☐ YES ☐ NO | Peep Hole ☒ YES ☐ NO | Locks ☐ YES ☐ NO | Fire Escape ☐ YES ☐ NO | Rear Exit ☐ YES ☐ NO |
| | Interior Door Construction - Distinctive Markings | Alarm ☐ YES ☐ NO | Peep Hole ☐ YES ☐ NO | Locks ☐ YES ☐ NO | Fire Escape ☐ YES ☐ NO | Rear Exit ☐ YES ☐ NO |

NOTIFICATION   Indicate Public Information Officer, Outside Agencies e.g. IAD, IRS, Housing Police, etc.

NYC        95

| SEARCH WARRANT PLAN PRE-EXECUTION PD 374-150 (5-82)   PAGE 2 | B.O./Case No. 3130 | Div. Serial No. 1796 | Command BSNDI | Command Serial No. 093 |

DIAGRAM: (Include Exterior Street Area, Hallway and Apartment Layout. Indicate Expected Position of Personnel)

SEE ATTATCHMENT

DETAILS OF MANNER OF EXECUTION:

Set-up location will be West 37th street and Neptune ave. Once all vehicles are lined up, procession will go onto Neptune ave and proceed to West 33rd street. Make right turn onto West 33rd street and stop equal to the walkway of the target location (2839 W33rd st). Exit vehicles and enter the lobby. Take elevators to the 7th floor and upon exiting make right off of the elevator and a right down the hallway. The target apartment will be facing you. Apartment 7H is the only metal grey door on the floor.
Once entry team is lined up and entry equipment is in place the seach warrant will commence.

IF ADDITIONAL SPACE NEEDED · USE COMPLAINT FOLLOW-UP INFORMATIONAL PD 313-081B

| SUPERVISOR PREPARING PLAN | | APPROVING SUPERVISOR | |
|---|---|---|---|
| Rank and Name · Printed | Signature | Rank and Name · Printed | Signature |
| Lt. Lawrence Hammond | | Capt. Dusinanko | |

NYC 96

**SEARCH WARRANT PLAN**
**POST-EXECUTION**
PD 374-150A (5-82)

| | Date Executed 07/09/05 | B.O./Case No. 3130 | Div. Serial No. 1796 | Command BSNDI | Command Serial No. 93 |

DIAGRAM OF PREMISES - Indicate on Floor Plan Location of Prisoners and Evidence



RESULTS:

| Prisoner/Room Area | Where Apprehended | Searched By | Supervised By | Voucher No. - Items Seized and Location |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| Premises Vacated By Officers At | Hours 0800 | Personnel Last to Leave | Officer Det. Robert Johnson | Supervisor Lt. Hammond |
| Premises Secured By | | | If Premises Not Secured - Indicate Bldg. Super or Owner Ntfd. | |

| EQUIPMENT INVENTORY CONTROL VERIFIED RETURN OF EACH ITEM OF EQUIPMENT USED IN OPERATION | Signature | Tax No. |

| Search Warrant Return Made By Det Robert Johnson | Date 07/19/05 | Judge HON. Lupuloff |

| RECAPITULATION: | No. of Prisoners 0 | Currency (Do Not Include Buy Funds) 0 | Auto's N/A |
| Drugs (Approximate) NONE | Other | Forfeiture Proceeding ☐ YES ☒ NO | Photos Taken ☐ YES ☒ NO | Photos Taken By |
| Bribery ☐ YES Attempt ☒ NO | I.A.D. Log No. | Action Taken | | |

CRITIQUE:  (Identify Problem Areas, Injuries, etc. and Corrective Action)

IF ADDITIONAL SPACE NEEDED USE COMPLAINT FOLLOW-UP INFORMATIONAL PD 313-081B

NYC   97

| REPORT REVIEWED BY | Signature | Date |

Index No.  06 CV 13582 (DAB)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAMATU HAYES,

                                                    Plaintiff,

                         -against-

THE CITY OF NEW YORK, et al.,

                                                    Defendants.

---

**ANSWER TO FIRST AMENDED
COMPLAINT ON BEHALF OF THE CITY OF
NEW YORK, JOHNSON, GORMAN,
BATTAGLIA, MEEHAN AND JOSEPH**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants Johnson,*
*Gorman, Battaglia, Meehan, and Joseph*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Prathyusha Reddy*
*Tel:  (212) 788-0963*
*NYCLIS No.*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  ........................................., 2007.*

*.....................................................................Esq.*

*Attorney for............................................................*